IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Case No.<br><br>**Filed Under Seal** |

**APPLICATION OF THE UNITED STATES**
**FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Yahoo Inc. ("Yahoo"), an electronic communications service and/or remote computing service provider headquartered in Mountain View California, which accepts service of legal process at 391 San Antonio Road, 5th Floor, Mountain View, CA 94040, to disclose certain records and other information pertaining to the Yahoo accounts, as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Yahoo is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Yahoo to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

THE RELEVANT FACTS

4. The United States is investigating health care fraud occurring in connection with Medicaid-funded Personal Care Agencies ("PCAs"), including Community Home Health Care LLC ("Community"), Noreast Home Care LLC ("Noreast"), Ocean Home Care LLC ("Ocean"), Global Home Care LLC ("Global"), Al Hasan LLC ("Al Hasan"), Golden Home Care LLC ("Golden"), Supreme Choice Home Care LLC ("Supreme Choice") and Easy Life LLC ("Easy Life"). The investigation concerns possible violations of, inter alia, 18 U.S.C. § 1347 (Health Care Fraud); 18 U.S.C. 1035 (False Statements Relating to Health Care Matters); and 42 U.S.C. § 1320a-7b (False Claims Involving Federal Health Care Programs).

5. The Federal Bureau of Investigation ("FBI"), the Internal Revenue Service ("IRS"), and the Department of Health and Human Services Office of the Inspector

General ("HHS-OIG") are investigating of the above-described PCAs. PCAs provide services related to a Medicaid beneficiary's physical requirements for assistance with the activities of daily living, such as light housework, meal preparation, dressing, bathing, and health maintenance activities. These services are provided to eligible beneficiaries to help them stay in their homes and communities rather than live in institutional settings such as nursing homes.

6. MaineCare is Maine's state administered Medicaid plan. State Medicaid programs receive federal funding to provide health coverage for low-income people.

7. In Maine, PCA workers are required to use Electronic Visit Verification ("EVV") to verify that they have visited a beneficiary and provided a service. PCAs in Maine typically use an application known as "Sandata Mobile Connect" for workers to enter and track the times in which they provide service to beneficiaries. These time entries are then used by the PCA to bill MaineCare for the services provided to the beneficiary by the PCA worker. In this system, a start time and end time for the service provided to the beneficiary must be entered, and additional data is recorded. There are multiple ways that the service times can be entered, including the following:

(a) Mobile Visit Verification: PCA workers use an application on a mobile device to clock in and clock out of service visits to beneficiaries. The application then records and stores the location of the device using Global Positioning Satellite ("GPS") technology. If the location recorded is too far from beneficiary's address, a supervisor or administrator at the PCA must approve a "distance exception" before billing for the claim;

(b) Telephony Visit Verification: PCA workers call a designated phone number when clocking in and out of service visits to beneficiaries;

(c) Manual Call: PCA workers call a supervisor or administrator at the PCA who logs into the EVV system and manually enters the start and end time of the service. The EVV system records the login information, including email address of the person who manually entered the times.

(d) Entries may be adjusted after entry and the login information/email address of the person making adjustments is recorded.

8. As part of this investigation, agents have obtained records from United States Border Patrol concerning international travel by beneficiaries of the above-named Personal Care Agencies, among others. These travel records show dates on which a beneficiary boarded a flight leaving the United States and dates on which a beneficiary disembarked from a flight entering the United States. From these records investigators have been able to determine periods during which PCA beneficiaries were outside of the United States.

9. Investigators have compared international travel records of certain beneficiaries to EVV entries for those beneficiaries. This comparison revealed a substantial number of EVV entries for services purportedly provided to beneficiaries who were outside the United States at the time of service. MaineCare rules do not permit claims for Personal Care Services provided outside the United States. Investigators believe that the service times entered into EVV during periods in which the beneficiary was not in the United States were included in false claims to MaineCare and are working to identify those claims.

10. Some of EVV entries for services purportedly provided while the beneficiary was outside the United States were entered as "manual call entries." A manual call entry involves a PCA worker reporting their hours to a supervisor or

administrator at the PCA, who then enters the hours manually into the EVV system. The email address/username of the person entering a manual call is recorded in the EVV system.

11. The left column of the chart below shows certain PCAs which had EVV entries for service times during which the listed beneficiary was outside of the United States. The right column shows email addresses/login names of EVV system users at those agencies who entered manual call entries to EVV for times at which the beneficiary was outside the United States.

| **PCA with EVV Entries for Beneficiaries Outside United States** | **Email Address/Login of EVV user who entered manual call entry for Beneficiaries Outside United States** |
|---|---|
| Global | globalhomehealth20@gmail.com |
| Al Hasan | a.smcc@yahoo.com |
| Supreme Choice | supremechoicellc@gmail.com |
| Ocean | jovanagraovac98@gmail.com |
| Ocean | mbaig@ohhealthcare.org |
| Ocean | oceanhomehealthcaremaine@gmail.com |
| Noreast | qaisihc@yahoo.com |
| Community | communityhomehealthcarellc@gmail.com |
| Noreast | yasirexp@yahoo.com |
| Golden | goldenhomehealthcarellcc@gmail.com |
| Easy Life | megannorris27@gmail.com |
| Golden | goldenhomehealthcarellcc@gmail.com |
| Easy Life | emaneasylife@gmail.com |

REQUEST FOR ORDER

12. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, the records will assist agents in identifying (1) the identity of persons who entered false EVV entries potentially associated with false claims to MaineCare, and (2) communications relating to false EVV entries, the content of which may be subsequently obtained pursuant to a search warrant. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Yahoo be directed to produce all items described in Part II of Attachment A to the proposed Order.

13. The United States further requests that the Order require Yahoo not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for a time period of 180 days. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the attached court order relates to an ongoing criminal investigation that is neither public nor known to the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. In addition, many persons involved in the conduct under investigation, including potential targets and witnesses, have extensive ties to

foreign nations. It is possible that such persons may flee the United States upon learning of the investigation. Furthermore, agents believe that each of the PCAs listed above likely possess documents and records, in paper and or electronic form, relevant to the conduct under investigation. If the PCA or their agents become aware of this investigation, they may destroy or hide such evidence. Accordingly, there is reason to believe that notification of the existence of the attached court order will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual.

14. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Date: January 30, 2025

Darcie N. McElwee
UNITED STATES ATTORNEY

/s/ Nicholas M. Scott
Nicholas M. Scott
Assistant United States Attorney
United States Attorney's Office
100 Middle Street, East Tower
Portland, Maine 04101
(207) 780-3257
Nicholas.Scott@usdoj.gov